**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

MAY 22 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

DASHAWN L. SUMRALL                                                    PLAINTIFF

v.                                        CIVIL ACTION NO.: 1:14 cv 221 LG-JmR

FREDERICK CORSO, In His Individual and Official Capacities;
JOSEPH TUTEN, In his Individual and Official Capacities; SHERIFF MELVIN
BRISOLARA, In His Individual and
Official Capacities; HARRISON COUNTY,
MISSISSIPPI, SHERIFF'S DEPARTMENT;
HARRISON COUNTY, MISSISSIPPI; and
JOHN DOES 1 - 5                                                      DEFENDANTS

## COMPLAINT
Jury Trial Requested

Comes now, Dashawn M. Sumrall, by and through undersigned counsel, and

files this his Complaint against the herein named Defendants and in support thereof

would show unto the Court as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights Complaint brought by the Plaintiff pursuant to 42 U.S.C.

§1983 and the Fourth, Eighth, and Fourteenth Amendments to the *United States*

*Constitution* against the Defendants for Constitutional violations and state law claims for

personal injuries suffered by the Plaintiff as a result of the use of excessive force and

other wrongful acts against the Plaintiff which occurred on May 23, 2013, in the

Harrison County Adult Detention Center in Gulfport, Mississippi.  Plaintiff in this action is

a citizen of the United States and Defendants to this claim are persons for purposes of

42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Eighth, and Fourteenth Amendments to the *United States Constitution*.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §1331 and 28 U.S.C. §1343.  Plaintiff further invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 over any and all state law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all defendants reside in this Judicial District and all events giving rise to the Plaintiff's claims occurred within the Southern District of Mississippi.

## PARTIES

4. The Plaintiff is an adult resident citizen of Harrison County, Mississippi.

5.  The individual Defendants are sued in both their individual and official capacities.

6.  Defendant Frederick Corso was at all times relevant herein a duly appointed and acting officer, servant, and employee of the Harrison County Sheriff's Department, an agency of Harrison County, Mississippi.  At all times relevant hereto, Defendant Corso was acting under color of the laws, statutes, regulations policies, customs, and/or usages of the State of Mississippi, Harrison County, Mississippi, and the Harrison County Sheriff's Department, in the course and scope of his employment duties and functions as a guard/jailer at the Harrison County Adult Detention Center with the power and authority vested in him by the State of Mississippi, Harrison County, Mississippi,

and the Harrison County Sheriff's Department, and was otherwise performing and engaging in conduct incidental to the performance of his duties as a guard/jailer.

7.  Defendant Joseph Tuten was at all times relevant herein a duly appointed and acting officer, servant, and employee of the Harrison County Sheriff's Department, an agency of Harrison County, Mississippi.  At all times relevant hereto, Defendant Tuten was acting under color of the laws, statutes, regulations policies, customs, and/or usages of the State of Mississippi, Harrison County, Mississippi, and the Harrison County Sheriff's Department, in the course and scope of his employment duties and functions as a guard/jailer at the Harrison County Adult Detention Center with the power and authority vested in him by the State of Mississippi, Harrison County, Mississippi, and the Harrison County Sheriff's Department, and was otherwise performing and engaging in conduct incidental to the performance of his duties as a guard/jailer.

8.  Defendant Sheriff Melvin Brisolara is the duly elected Sheriff of Harrison County, Mississippi, and is in charge of all operations and actions of the officers employed at the Harrison County Adult Detention Center in Gulfport, Mississippi, and has the final authority to make policy and procedures for the use of force at the Adult Detention Center.  Defendant Brisolara is responsible for the supervision and training of Defendants Corso and Tuten and is further responsible for making and/or implementing policies and practices used by the guards/jailers employed by Harrison County Sheriff's Department regarding the use of force.  At all times relevant hereto, Defendant Brisolara was acting under color of the laws, statutes, regulations policies, customs, and/or usages of the State of Mississippi and Harrison County, Mississippi in the course and scope of his employment duties and functions as Harrison County Sheriff with the

power and authority vested in him by the State of Mississippi and Harrison County, Mississippi.  He is sued in both his official and individual capacities.

9.  Defendant Harrison County Sheriff's Department is an agency of Defendant Harrison County, Mississippi, and is responsible for the training and supervision of Defendants Tuten, Corso, and Brisolara and has established or delegated to Defendant Brisolara the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by Defendant Harrison County Sheriff's Department regarding the use of force.

10.  Defendant Harrison County, Mississippi, is a political subdivision of the State of Mississippi, for which Defendants Corso and Tuten served as guards/jailers and Defendant Brisolara serves as Sheriff.   Defendant Harrison County, Mississippi, is the political subdivision of the State of Mississippi responsible for the training and supervision of Defendants Corso, Tuten, Brisolara, and Harrison County Sheriff's Department. Defendant Harrison County, Mississippi has established or delegated to Defendants Harrison County Sheriff's Department and Defendant Brisolara the responsibility for establishing and implementing policies, practices, procedures, and customs used by guards/jailers employed by Defendant Harrison County Sheriff's Department and Defendant Brisolara regarding the use of force.

11. John Does 1 - 5 are as yet unidentified corporations or persons who may have participated in the actions described herein which resulted in personal injury and other damages to the Plaintiff.

## NOTICE OF TORT CLAIM

12.  Plaintiff timely filed a Notice of Claim with Harrison County, Mississippi, Harrison County Sheriff's Department, and Sheriff Melvin Brisolara on July 1, 2013.

13.  To date, no written response has been received by the Plaintiff in response to the Notice of Tort Claim and no compensation has been paid to or offered to the Plaintiff by any of the Defendants.

## STATEMENT OF THE FACTS

14.  On May 23, 2013, Plaintiff was incarcerated at the Harrison County Adult Detention Center in Gulfport, Mississippi, after having been arrested on a misdemeanor charge.

15.  At approximately 6:30 - 7:00 a.m on May 23, 2013, the Plaintiff and Defendants Corso and Tuten became engaged in a verbal confrontation in the day room.  Without provocation or threat of violence, Defendants Corso and Tuten unnecessarily and unreasonably began to spray the Plaintiff with pepper spray.  In an effort to defend his face and eyes from the pepper spray, the Plaintiff retreated from Defendants Corso and Tuten and was physically attacked and assaulted by Defendants Corso and Tuten. The Plaintiff was forced to flee the day room to avoid further physical assault by Defendants Corso and Tuten.  However, just after the Plaintiff exited the day room, he voluntarily laid face down on the floor of the hallway and placed his hands behind his back.  Thereupon, Defendants Corso and Tuten again physically assaulted the Plaintiff by kicking and striking him with their boots even though the Plaintiff had submitted and was defenseless lying face down on the hallway floor.   As a result of the vicious unnecessary assault by Defendants Tuten and Corso, the Plaintiff sustained

personal injuries, including but not limited to, a broken rib, contusions, bruises, and swelling. As a direct and proximate result of the intentional and/or negligent acts of Defendants, the Plaintiff sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial. In addition, the Plaintiff has suffered severe emotional distress and mental anguish affecting their psychological well-being.

16. As a result of their assault upon the Plaintiff, Defendants Corso and Tuten were terminated from their employment with the Harrison County Sheriff's Department.

17. Defendants Corso and Tuten did not have adequate training regarding the use of force against persons incarcerated at the Harrison County Adult Detention Center.

18. The failure of Defendants Harrison County, Harrison County Sheriff's Department, and Brisolara to promulgate, implement, and enforce procedures, policies, or customs prohibiting the use of excessive force caused the perpetuation of procedures, policies or customs leading directly to the use of excessive and unreasonable force against the Plaintiff.

19. Each of the Defendants, individually, and in their official capacities, acted under color of law to deprive the Plaintiff of his right to freedom from the use of excessive force as secured to Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §1983. By the conduct, acts, and omissions described herein, the Defendants violated clearly established constitutional standards under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution of which the Defendants should and would have known under the circumstances regarding the Plaintiff. None of the

Defendants are entitled to qualified immunity or any immunity.

20. Defendants Harrison County, Harrison County Sheriff's Department, and Brisolara failed to adequately supervise Defendants Corso and Tuten and failed to adequately staff the Harrison County Adult Detention Center so as to have supervision of Defendants Corso's and Tuten's treatment of incarcerated persons.

21. Plaintiff is entitled to compensation for the constitutional harms that the Defendants inflicted upon them.  Plaintiff is entitled to compensation pursuant to the Mississippi Tort Claims Act for the harms inflicted upon him by the Defendants.

## CAUSES OF ACTION

## COUNT I

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (General Allegations)

22. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

23. In committing the acts complained of herein, Defendants acted under color of state law to deprive the Plaintiff of certain constitutionally protected rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to, the right to be free from excessive use of force by persons acting under color of state law.

24. In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and subjected the Plaintiff to the use of excessive force by Defendants, in violation of Plaintiffs' rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

25.  As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.  The actions of the Defendants in physically assaulting the Plaintiff with excessive force was done intentionally, willfully, maliciously and with a deliberate indifference and/or reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical injuries and emotional pain and suffering in violation of the Plaintiff's rights as guaranteed under 42 U.S.C §1983 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

26. The conduct of these Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Use of Excessive Force)

27. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-26 of this Complaint.

28.  Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

29. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

30. Plaintiff had the following clearly established rights at the time of the complained of conduct:

a. the right to be secure in his person from unreasonable excessive force, under the Fourth Amendment;

b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

c. the right to not be subjected to cruel and unusual punishment under the Eighth Amendment.

31.  Defendant Corso and Defendant Tuten knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time. Defendants Corso and Tuten's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth and Eighth Amendments rights of Plaintiff. Defendants Corso and Tuten's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

32. The acts or omissions of these Defendants, as described herein, deprived the Plaintiff of his constitutional and statutory rights and caused him other damages. The assault upon the Plaintiff by Defendants Corso and Tuten amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

33.  The unlawful acts of Defendants Corso and Tuten occurred in the presence of each other thereby further violating the Plaintiff's constitutional rights by Defendants Corso and Tuten failing to intervene and prevent the unlawful use of excessive force against the Plaintiff.  Neither of these Defendants took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of the other Defendant officer despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

34. Defendants are not entitled to qualified immunity for the complained of conduct.

35.  As a direct result of these Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.  As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

36. On information and belief, Plaintiff may have suffered past lost wages and lost future earnings in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

## COUNT III

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Policies, Customs, and Practices)

37. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-36 of this Complaint.

38. Defendant Melvin Brisolara, in his capacity as Sheriff of Harrison County, Mississippi, and Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, allowing employees of the Harrison County Sheriff's Department to use excessive force against persons incarcerated at the Adult Detention Center.

39. At all relevant times hereto, Defendants Brisolara, Harrison County, Mississippi, and Harrison County Sheriff's Department had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries sustained by the Plaintiff. As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

40. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to the right to be free from excessive use of force by persons acting under color of state law.

41.  Defendant Melvin Brisolara, in his capacity as Sheriff of Harrison County, Mississippi, and Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department have adopted policies, procedures, practices or customs within the Harrison County Sheriff's Department that allow the use of excessive force when other more reasonable and less drastic methods are available.

42. The actions of Defendant Melvin Brisolara, in his capacity as Sheriff of Harrison County, Mississippi, and Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department amount to deliberate indifference to the rights of the Plaintiff to be free of excessive force under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

43.  As a result of the deliberate indifference to the Plaintiff's rights by Defendant Melvin Brisolara, individually and in his capacity as Sheriff of Harrison County, Mississippi, and Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department and their agents, servants and employees, the Plaintiff suffered serious personal injuries and are entitled to relief under 42 U.S.C. §1983.

44. These Defendants are not entitled to qualified immunity for the complained of conduct.

## COUNT IV

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Failure to Train and Supervise)

45. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-44 of this Complaint.

46.  Defendant Melvin Brisolara, in his capacity as Sheriff of Harrison County, Mississippi, and Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department failed to adequately train and supervise Defendants Corso and Tuten in their treatment of incarcerated persons.

47.  Defendant Melvin Brisolara, in his capacity as Sheriff of Harrison County, Mississippi, and Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department implicitly or explicitly adopted and implemented careless and reckless supervision and training, that included, among other things, allowing employees of the Harrison County Sheriff's Department to use excessive force against persons incarcerated at the Adult Detention Center.

48. The failure of Defendant Melvin Brisolara, in his capacity as Sheriff of Harrison County, Mississippi, and Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department to adequately train and supervise Defendants Corso and Tuten amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

49.  As a result of the deliberate indifference to the Plaintiff's rights by Defendant Melvin Brisolara, individually and in his capacity as Sheriff of Harrison County, Mississippi, and Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department, the Plaintiff suffered serious personal injuries and are entitled to relief under 42 U.S.C. §1983.

## COUNT V

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Cruel and Unusual Punishment)

50.  Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-49 of this Complaint.

51.  Pursuant to the Eighth Amendment to the United States Constitution, the Plaintiff was entitled to be free from cruel and unusual punishment while incarcerated at the Harrison County Adult Detention Center.

52.  Defendants Corso and Tuten engaged in extreme and excessive cruelty and unusual punishment in conducting the attack upon the Plaintiff.  The actions of Defendants Corso and Tuten constituted unnecessary and wanton infliction of pain and suffering and were extreme and excessively cruel.

53.  Defendants Corso and Tuten acted maliciously by undertaking, without just cause or reason, a course of action against the Plaintiff intended to cause extreme pain and suffering.  As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

## COUNT VI

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Governmental Entity Liability)

54.  Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-53 of this Complaint.

55.  Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department directly caused the constitutional violations suffered by the Plaintiff and is liable for the Plaintiff's injuries and damages as a result of the wrongful actions of Defendants Corso and Tuten.  The conduct of Defendants Corso and Tuten as described herein was a direct consequence of policies and practices of Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department.

56.  At all relevant times hereto, Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendants Corso and Tuten and which encouraged or tacitly sanctioned the use of excessive force against persons incarcerated at the Adult Detention Center.

57.  The wrongful and inadequate policies, practices, customs, or usages complained of herein demonstrate a deliberate indifference on the part of Defendants Harrison County, Mississippi, and Harrison County Sheriff's Department to the constitutional rights of the Plaintiff and were the direct and proximate cause of the violations of the Plaintiff's rights alleged herein

## COUNT VI

### (Mississippi Common Law Negligence)

58. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-57 of this Complaint.

59. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

60. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

## COUNT VII

### (Mississippi Common Law Negligent Supervision)

61. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-60 of this Complaint.

62. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incident.

63. Defendants Brisolara, Harrison County, Mississippi, and Harrison County Sheriff's Department negligently supervised Defendants Corso and Tuten by failing to provide proper training and outline proper procedure in the use of excessive force against incarcerated persons.

64. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT VIII

### (Mississippi Common Law Assault and Battery)

65. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-64 of this Complaint.

66. Plaintiff avers that the actions of Defendant Corso and Tuten was an intentional and deliberate assault and battery upon the Plaintiff thereby causing him physical harm and injury.

67. Plaintiff avers that Defendants Corso and Tuten knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, assaulted him by striking and kicking him while he was laying face down on the hallway floor with his hands behind his back.

68. As a direct and proximate result of the acts of the Defendants, Plaintiffs suffered both physical and mental injuries and are entitled to relief.

## COUNT IX

### (Mississippi Common Law Intentional Infliction of Emotional Distress)

69. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-68 of this Complaint.

70. The conduct of Defendants Corso and Tuten as described herein was extreme, outrageous, and utterly unnecessary under the circumstances as then and there presented and was intended to and did cause severe emotional distress to the Plaintiff.

71. The conduct of Defendants Corso and Tuten was the direct and proximate cause of serious physical and emotional pain and suffering sustained by the Plaintiff.

## COUNT IX

### (Mississippi Common Law Negligent Infliction of Emotional Distress)

72. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-71 of this Complaint.

73. The conduct of Defendants Corso and Tuten as described herein was extreme, outrageous, and utterly unnecessary under the circumstances as then and there presented and was intended to and did cause severe emotional distress to the

Plaintiff.  Defendant Corso and Tuten's assault and battery of the Plaintiff was careless and negligent as to the mental and emotional health of the Plaintiff.

74.  The conduct of Defendants Corso and Tuten was the direct and proximate cause of serious physical and emotional pain and suffering sustained by the Plaintiff.

## COUNT X

### (*Respondeat Superior* Liability for State Law Claims)

75.  Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-74 of this Complaint.

76.  The unlawful conduct of Defendants Corso and Tuten occurred while both Defendants were in the course and scope of their employment as guards/jailers with Harrison County Sheriff's Department, an agency of Harrison County, Mississippi.

77.  As a result, Harrison County, Mississippi is liable to the Plaintiff pursuant to *respondeat superior* for the Plaintiff's state law claims.

## XI. REQUEST FOR RELIEF

Plaintiff respectfully requests the Court to enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for physical injuries and emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. The conduct of these Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an

amount commensurate with the wrongful acts alleged herein.

E. attorneys' fees and the costs associated with this action under 42 U.S.C.

§1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this Court deems just and proper, and any other

appropriate relief at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY**.

Respectfully Submitted this the _21st_ day of May, 2014.

DASHAWN L. SUMRALL, Plaintiff

Stephen B. Simpson, Esq., MSB No. 6809
9004 Victoria Circle
Gulfport, Mississippi 39503
Telephone 228-861-3919
Email: steve@stevesimpson.ms

Scott D. Smith, Esq., MSB No. 7601
P.O. Box 4603
Biloxi, Mississippi 39535
Telephone: 228/385-7737
Facsimile:  228/385-7738
Email: scottsmithatty@bellsouth.net

## VERIFICATION

State of Mississippi

County of Harrison

      Personally appeared before me, the undersigned authority in and for the above mentioned County and State, Dashawn L. Sumrall, who, after first being duly sworn on his oath, states that the statements and averments contained in this pleading are true and correct as therein stated.

_____
Dashawn L. Sumrall

      Sworn to and subscribed before me this the _13th_ Day of February, 2014.

Notary Public

My Commission Expires: _November 4, 2016_

Page 20 of  20