### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**DASHAWN L. SUMRALL**                                                    **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:14-cv-221-LG-JCG**

**FREDERICK CORSO, In His Individual and Official Capacities;**
**JOSEPH TUTEN, In His Individual and Official Capacities; SHERIFF MELVIN**
**BRISOLARA; In His Individual and**
**Official Capacities; HARRISON COUNTY,**
**MISSISSIPPI, SHERIFF'S DEPARTMENT;**
**HARRISON COUNTY, MISSISSIPPI; and**
**JOHN DOES 1 - 5**                                                       **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Harrison County Sheriff's Office, a Defendant in the above styled and

numbered cause, by and through its counsel of record, specifically appearing herein and reserving

all additional defenses and immunity available under Federal law and State law, and Federal and

State Rules of Civil Procedure including all available Rule 12 Defenses, and submits this its

Memorandum in Support of Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and would

show the following, to-wit:

I.

### FACTUAL BACKGROUND

On May 22, 2014, Plaintiff filed suit in the Southern District of Mississippi against

Defendant, Harrison County Sheriff's Department, among others, regarding his claims of use of

excessive force and other wrongful acts.  Plaintiff was an inmate at the Harrison County Adult

Detention Center on or about May 23, 2013, when he became involved in a confrontation with two

of the Defendants herein.  Plaintiff has named the Harrison County Sheriff's Department as a

Defendant and alleges it is responsible for the training and supervision of Defendants Tuten, Corso,

and Brisolara and has established or delegated to Defendant Brisolara the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by Defendant Harrison County Sheriff's Office regarding the use of force.

II.

## LEGAL STANDARD

The purpose of a Motion to Dismiss brought under the Fed. R. Civ. P. 12(b)(6) is to determine whether a complaint, on its face, states a claim for which relief may be granted.  The Court's function is not to weigh potential evidence, but rather, to assess whether the complaint standing alone is legally sufficient to state a claim for which relief may be granted.  Swoboda v. Dubach, 992 F.2d 286 (10th Cir. 1992).  A complaint should be dismissed only if it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke v. Williams, 490 U.S. 319 (1989).  In general, motions to dismiss are appropriate only where it appears to be certain that no set of facts which would entitle the Plaintiff to relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319 (1989); Dann v. Studebaker-Packard Corp., 288 F.2d 201 (6th Cir. 1961).  Further, all well-pleaded allegations of fact are taken to be true for purposes of deciding such a motion.  U.S. v. Mississippi, 380 U.S. 128 (1965).

III.

## LEGAL ANALYSIS

Plaintiff has named Harrison County Sheriff's Department as a Defendant in the above captioned cause.  Because the Harrison County Sheriff's Department is not a separate legal entity apart from Harrison County, Plaintiff's claims should be dismissed against this Defendant.  See Miller v. Choctow County Sheriff's Dept., et al, 2006 U.S. Dist. LEXIS 14649 (N.D. Miss. Mar. 13,

2006); <u>Andrews v. Dallas,</u> 2001 U.S. Dist. LEXIS 4050 (N.D. Tex. Jan. 3, 2001); <u>Darby v. Pasadena Police Dept.,</u> 939 F.2d 311 (5th Cir. 1991); and <u>Brown v. Thompson,</u> 927 So.2d 733 (Miss. 2006). Accordingly, the Harrison County Sheriff's Department is not amenable to suit in this action as it is not a political subdivision separate and apart from Harrison County, Mississippi.  According to the foregoing authority, the Harrison County Sheriff's Department is entitled to be dismissed from this matter.

By filing this Motion, Defendant Harrison County Sheriff's Office specifically reserves its right to file its Answer, Defenses and Affirmative Defenses and make additional challenges pursuant to Rule 12(b) of the Fed. R. Of Civ. P., and does not hereby waive its right to make such challenges.

WHEREFORE, PREMISES CONSIDERED, Movant prays for an Order of Dismissal from this Honorable Court dismissing the Harrison County Sheriff's Department with prejudice.

RESPECTFULLY submitted this the 5th day of September, 2014.

**Harrison County Sheriff's Office, Defendant**

**BY:   DUKES, DUKES, KEATING & FANECA, P.A.**

BY:   *s/Haley N. Broom*
　　　HALEY N. BROOM

Cy Faneca,  MSB #5128
Haley Broom MSB #101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:   228/863-2886

## CERTIFICATE OF SERVICE

I, HALEY N. BROOM, do hereby certify that I have this day electronically filed the

foregoing with the Clerk of the Court using the ECF system which sent notification of such filing

to the following:

> Stephen B. Simpson, Esq.
> 9004 Victoria Circle
> Gulfport, MS 39503
> Steve@stevesimpson.ms
>
> Scott D. Smith, Esq.
> P.O. Box 4603
> Biloxi, MS 39535
> scottsmithatty@bellsouth.net

This, the 5th day of September, 2014.

> *s/Haley N. Broom*
> HALEY N. BROOM