**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DASHAWN L. SUMRALL**                                                                              **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 1:14-cv-221-LG-JCG**

**FREDERICK CORSO, In His Individual and Official Capacities;
JOSEPH TUTEN, In His Individual and Official Capacities; SHERIFF MELVIN
BRISOLARA; In His Individual and
Official Capacities; HARRISON COUNTY,
MISSISSIPPI, SHERIFF'S DEPARTMENT;
HARRISON COUNTY, MISSISSIPPI; and
JOHN DOES 1 - 5**                                                                              **DEFENDANTS**

## ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANT MELVIN BRISOLARA

COMES NOW Defendant, Melvin Brisolara, in his official and individual capacities, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., and pursuant to the Federal Rules of Civil Procedure, files this Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint as follows, to wit:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Defendants specifically reserves and invokes all other rights and defenses available unto them, including but not limited to those set forth in Rules 8(c), 12(b), 12(c), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in his favor.

**THIRD DEFENSE**

At all times relevant to Plaintiff's claims, this answering Defendant acted in a reasonable manner and in good faith in the execution of his official duties, and therefore this answering Defendant is immune from liability.

**FOURTH DEFENSE**

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Mississippi Code Annotated §11-46-1 *et. seq.,* including the notice requirements of § 11-46-11.

**FIFTH DEFENSE**

The subject of the Plaintiff's Complaint does not invoke any implementation or execution of any policy, statement, ordinance, regulation or decision officially adopted in, or promulgated by this Defendant.  This Defendant neither promulgated nor condoned any policy, custom, usage or the implementation thereof, which allegedly resulted in any Constitutional violation or deprivation of Plaintiff.

**SIXTH DEFENSE**

This answering Defendant was the policymaker at the Harrison County Sheriff's Office.  However, this Defendant denies liability as to any allegations in his official capacity. Defendant would state that the Sheriff is the only policymaker at the Harrison County Sheriff's Office and no other Defendants' or any other individual's conduct can be characterized as that of a policymaker.

## SEVENTH DEFENSE

Plaintiff's damages, if any exist, were caused solely by the intervening or superseding actions, omissions, or acts of persons, entities, or parties other than this Defendant, for which actions, omissions, or negligence this Defendant is not responsible.

## EIGHTH DEFENSE

Defendant pleads all applicable privileges and immunities under both State and Federal law, including but not limited to, the Common Law and Statutory Doctrine of Sovereign Immunity, Absolute Immunity, and Qualified Immunity.

## NINTH DEFENSE

This Defendant did not breach any duty owed to Plaintiff, nor did he violate any right or privilege of Plaintiff, and is, therefore, not liable in damages.

## TENTH DEFENSE

Plaintiff has not suffered a constitutional deprivation.

## ELEVENTH DEFENSE

Defendant, HARRISON COUNTY ADULT SHERIFF'S DEPARTMENT is not a proper entity that is subject to liability on any lawsuit or a party that is able to defend this or any claim against it.

## TWELFTH DEFENSE

Defendants specifically assert that Plaintiff's claims, in whole and in part, are barred by the applicable statute of limitations.

## ANSWER

AND NOW, in response to the allegations of the Complaint, this Defendant answers Paragraph by Paragraph as follows:

### PRELIMINARY STATEMENT

1.  To the extent the allegations contained in Paragraph No. 1 of the Complaint make any allegation of liability against this answering Defendant, said allegations are denied, and this Defendant specifically denies that the Plaintiff's Constitutional rights were violated in any way.

### JURISDICTION AND VENUE

2.  The allegations contained in Paragraph 2 characterize Plaintiff's lawsuit and contain legal conclusions regarding jurisdiction, which require no response. It is specifically denied that Defendant violated Plaintiff's civil rights.

3.  Defendant admits that Defendant is located in the Southern District of Mississippi. All remaining allegations in Paragraph 3 consist of legal conclusions regarding venue, which require no response.

### PARTIES

4.  This Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph No. 4 of the Complaint. Therefore, out of an abundance of caution, said allegations are denied.

5.  This answering Defendant admits that the individual Defendants are sued in both their individual and official capacities.

6.  The allegations contained in Paragraph 6 of the Complaint are admitted only to the extent that Defendant Frederick Corso was an employee of the Harrison County Sheriff's Office

during the relevant times herein.  The remaining allegations of Paragraph 6 of the Complaint are denied.

7.   The allegations contained in Paragraph 7 of the Complaint are admitted only to the extent that Defendant Joseph Tuten was an employee of the Harrison County Sheriff's Office during the relevant times herein.  The remaining allegations of Paragraph 7 of the Complaint are denied.

8.   This answering Defendant admits that at all times relevant to this Complaint, he was the Sheriff of Harrison County.  This answering Defendant admits that as Sheriff of Harrison County, he was responsible for the Harrison County Sheriff's Office, including the Harrison County Adult Detention Center as provided by the Constitution and laws of the State of Mississippi and federal laws.  To the extent that this paragraph makes any allegations against this answering Defendant, these allegations are denied.

9.   This answering Defendant denies the allegations contained in Paragraph No. 9.

10.   The allegations contained in Paragraph No. 10 of the Complaint are not directed at this answering Defendant, and therefore do not require a response.  However, out of an abundance of caution, to the extent said allegations make any implication of liability against this answering Defendant, said allegations are denied.

11.   The allegations contained in Paragraph No. 11 of the Complaint are not directed at this answering Defendant, and therefore do not require a response.  However, out of an abundance of caution, to the extent said allegations make any implication of liability against this answering Defendant, said allegations are denied.

## NOTICE OF TORT CLAIM

12.  The allegations contained in Paragraph No. 12 of the Complaint are admitted only to the extent that Plaintiff sent a letter entitled Notice of Claim to Harrison County, Mississippi, Harrison County Sheriff's Department, and Sheriff Melvin Brisolara.  The remaining allegations are denied.

13.  This answering Defendant denies the allegations contained in Paragraph No. 13.

## STATEMENT OF THE FACTS

14.  This answering Defendant admits the allegations contained in Paragraph No. 14.

15.  This answering Defendant denies the allegations contained in Paragraph No. 15.

16.  This answering Defendant admits the allegations contained in Paragraph No. 16 only to the extent that Joseph Tuten and Frederick Corso were terminated.

17.  This answering Defendant denies the allegations contained in Paragraph No. 17.

18.  This answering Defendant denies the allegations contained in Paragraph No. 18.

19.  This answering Defendant denies the allegations contained in Paragraph No. 19.

20.  This answering Defendant denies the allegations contained in Paragraph No. 20.

21.  This answering Defendant denies the allegations contained in Paragraph No. 21.

## CAUSES OF ACTION

## COUNT I

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(General Allegations)**

22.  To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

23.  This answering Defendant denies the allegations contained in Paragraph No. 23.

24.  This answering Defendant denies the allegations contained in Paragraph No. 24.

25.  This answering Defendant denies the allegations contained in Paragraph No. 25.

26.  This answering Defendant denies the allegations contained in Paragraph No. 26.

## COUNT II

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(Use of Excessive Force)**

27.  To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

28.  This Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph No. 28.

29.  In response to allegations in Paragraph 29, it is admitted that Sheriff Brisolara was authorized under color of state law at all relevant times.  To the extent any remaining allegations seek to impose liability against this answering Defendant, said allegations are denied.

30.  All allegations in Paragraph No. 30, including subparts "a" through "c", contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied.

31.  All allegations in Paragraph No. 31 contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied.

32.  All allegations in Paragraph No. 32 contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied.

33.   All allegations in Paragraph No. 33 contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied.

34.   To the extent the allegations in Paragraph No. 34 are against this answering Defendant, said allegations are denied.

35.  This answering Defendant denies the allegations contained in Paragraph No. 35.

36.  This answering Defendant denies the allegations contained in Paragraph No. 36.

## COUNT III

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Policies, Customs, and Practices)

37.  To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

38.  This answering Defendant denies the allegations contained in Paragraph No. 38.

39.  This answering Defendant denies the allegations contained in Paragraph No. 39.

40.   To the extent the allegations in Paragraph No. 40 are against this answering Defendant, said allegations are denied.

41.  This answering Defendant denies the allegations contained in Paragraph No. 41.

42.  This answering Defendant denies the allegations contained in Paragraph No. 42.

43.  This answering Defendant denies the allegations contained in Paragraph No. 43.

44.  This answering Defendant denies the allegations contained in Paragraph No. 44.

## COUNT IV

**Violation of Civil Rights Pursuant to 42 U.S.C. §1983**

**(Failure to Train and Supervise)**

45.   To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

46.   This answering Defendant denies the allegations contained in Paragraph No. 46.

47.   This answering Defendant denies the allegations contained in Paragraph No. 47.

48.   This answering Defendant denies the allegations contained in Paragraph No. 48.

49.   This answering Defendant denies the allegations contained in Paragraph No. 49.

## COUNT V

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(Cruel and Unusual Punishment)**

50.   To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

51.   All allegations in Paragraph No. 51 contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied.

52.   The allegations contained in Paragraph No. 52 are not directed to this answering Defendant, and therefore do not require a response.  However, out of an abundance of caution, to the extent that the allegations make any implication of liability against this answering Defendant, said allegations are denied.

53.   The allegations contained in Paragraph No. 53 are not directed to this answering Defendant, and therefore do not require a response.  However, out of an abundance of caution, to

the extent that the allegations make any implication of liability against this answering Defendant, said allegations are denied.

## COUNT VI

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Governmental Entity Liability)

54.  To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

55.  This answering Defendant denies the allegations contained in Paragraph No. 55.

56.  This answering Defendant denies the allegations contained in Paragraph No. 56.

57.  This answering Defendant denies the allegations contained in Paragraph No. 57.

## COUNT VI

### (Mississippi Common Law Negligence)

58.  To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

59.  All allegations in Paragraph No. 59 contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied.

60.  This answering Defendant denies the allegations contained in Paragraph No. 60.

## COUNT VII

### (Mississippi Common Law Negligent Supervision)

61.  To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

62.   All allegations in Paragraph No. 62 contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied.

63.   This answering Defendant denies the allegations contained in Paragraph No. 63.

64.   This answering Defendant denies the allegations contained in Paragraph No. 64.

## COUNT VIII

### (Mississippi Common Law Assault and Battery)

65.   To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

66.   The allegations contained in Paragraph No. 66 of the Complaint are not directed at this answering Defendant, and therefore, do not require a response.  However, out of an abundance of caution, to the extent said allegations make any implication of liability against this answering Defendant, said allegations are denied.

67.   The allegations contained in Paragraph No. 67 are not directed to this answering Defendant, and therefore do not require a response.  However, out of an abundance of caution, to the extent that the allegations make any implication of liability against this Defendant, said allegations are denied.

68.   This answering Defendant denies the allegations contained in Paragraph No. 68.

## COUNT IX

### (Mississippi Common Law Intentional Infliction of Emotional Distress)

69.   To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

70.   The allegations contained in Paragraph No. 70 are not directed to this answering Defendant, and therefore do not require a response.  However, out of an abundance of caution, to the extent that the allegations make any implication of liability against this answering Defendant, said allegations are denied.

71.   The allegations contained in Paragraph No. 71 of the Complaint are not directed at this answering Defendant, and therefore, do not require a response.  However, out of an abundance of caution, to the extent that the allegations make any implication of liability against this answering Defendant, said allegations are denied.

## COUNT IX

**(Mississippi Common Law Negligent Infliction of Emotional Distress)**

72.   To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

73.   The allegations contained in Paragraph No. 73 are not directed to this answering Defendant, and therefore do not require a response.  However, out of an abundance of caution, to the extent that the allegations make any implication of liability against this answering Defendant, said allegations are denied.

74.   The allegations contained in Paragraph No. 74 of the Complaint are not directed at this answering Defendant, and therefore, do not require a response.  However, out of an abundance of caution, to the extent that the allegations make any implication of liability against this answering Defendant, said allegations are denied.

## COUNT X

### (*Respondeat Superior* Liability for State Law Claims)

75.   To the extent this Paragraph makes allegations against this answering Defendant, these allegations are denied.

76.   All allegations in Paragraph No. 76 contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied.

77.   All allegations in Paragraph No. 77 contain legal conclusions, which require no response.  However, out of an abundance of caution, all remaining allegations are denied

## XI. REQUEST FOR RELIEF

In response to the last unnumbered Paragraph of the Complaint entitled "REQUEST FOR RELIEF", including subparts A. through G., Defendant denies that he is in any way liable to Plaintiff for any of the alleged violations or injuries of which he complains, and this Defendant further denies that he is in any way liable to Plaintiff for any damages, compensatory or punitive, cost of court, expenses, interest, or attorney fees, or any other sums whatsoever.

## AFFIRMATIVE DEFENSES

AND NOW, having answered the Complaint, the Defendant asserts the following affirmative defenses to be shown and proven at a trial or a hearing of this matter:

### I.

Neither the Defendant nor the Plaintiff can demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which later could have led to the alleged constitutional deprivation of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against this Defendant pursuant to 42 U.S.C. § 1983.

II.

Defendant invokes the provisions of § 85-5-7, Miss. Code Ann. of 1972, as amended, thus reserves any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

III.

This Defendant pleads all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. This Defendant states that he is protected by sovereign and absolute immunity.  The Defendant, in his individual capacity, states that he is protected by qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiff's Complaint.

IV.

To the extent the Complaint, raises any claim under Mississippi law, the Defendant specifically pleads all protections to which he is entitled pursuant to §11-46-1, *et seq.,* of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendant's right to a bench trial; and all limitations on liability contained therein; and all prohibitions against individual liability.

V.

The Defendant specifically pleads Miss. Code Ann. 11-46-9(1)  which exempts governmental entities from the waiver of sovereign immunity for any claim arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection, unless the employee acted in reckless

14

disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

## VI.

The Defendant specifically pleads Miss. Code Ann. 11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary or function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

## VII.

The Defendant specially pleads Miss. Code Ann. § 11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, . . . or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, . . . or other such institution where the claim is filed.

## VIII.

The Defendant would show that at all times while dealing with the Plaintiff or any other inmate at the HCADC, Defendant acted in a professional manner and conducted any and all of his interaction with the Plaintiff in accordance with the professional standards for inmate medical care, management and/or supervision, and the applicable grievance procedures. Unusual treatment, if any, was a result of and was entirely justified by the legitimate penological needs of the HCADC in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly. As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the

circumstances and in no way violated the Plaintiff's rights or any other provision of federal or state law.

## IX.

The damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

## X.

To the extent Plaintiff's damages arise from a pre-existing condition, Defendant cannot be held liable.

## XI.

Defendant reserves his right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to this incident, including any reduction in potential criminal penalties or which otherwise served to reduce or mitigate Plaintiff's alleged damages.   In addition or in the alternative, Defendant would affirmatively show that Plaintiff failed to mitigate his damages and Defendant is therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

## XII.

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole, in part, or proximately by the fault or negligence of Plaintiff and/or others, which by comparison was far greater than any conduct alleged as to Sheriff Brisolara.  Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.  Miss. Code Ann. §§ 11-7-15 and 11-7-11 (1972).

XIII.

To the extent Plaintiff seeks punitive or exemplary damages, the same violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendant's protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees the Defendant equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendant on the basis of wealth.

XIV.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that the Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

XV.

Plaintiff's claims for punitive damages are barred, because Defendant did not engage in any unlawful practices with either malice or reckless disregard for Plaintiff's rights.

XVI.

This Defendant avers that any award of punitive damages to the Plaintiff in this case would be a violation of the constitutional rights and safeguards provided to Defendant under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitations, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages.  There is no meaningful trial court or appellate review mechanisms to constitutionally confirm any punitive damages award, and imposition would allow a verdict obtained by passion and prejudice.  *State Farm v. Campbell,* 538 U.S. at 425 and *Phillip Morris USA v. Williams,* 549 U.S. (2007) (No. 05-1256, February 20, 2007).

XVII.

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to this Defendant under the due process clause of the Fourteenth Amendment  and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of Article III, Section 14 of the Constitution of the State of Mississippi and that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to legitimate government interest.   If consideration of punitive damages is to be allowed, then the standard for proving the same, as provided in Miss. Code Ann. §§ 11-1-63, 11-1-65 (Supp. 1993), must be by clear and convincing evidence.

XVIII.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional

deprivations of which Plaintiff complains, and therefore, he cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

XIX.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendant would show that the Complaint should be dismissed.

XX.

Defendant specifically invokes and pleads all defenses to which he may be entitled under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

XXI.

Defendant would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by Defendant were reasonable, proper, and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. This answering Defendant would show that he was not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment. This answering Defendant would further show that all officers were properly and adequately trained and supervised. Additionally, this answering Defendant would show that any and all policies and procedures pertaining to the operation and the staff of the HCADC were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

XXII.

Defendant would show that there can be no liability under § 1983 under the doctrine of *respondeat superior*.  Defendant would further show that he did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did he respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

XXIII.

Defendant would show that any and all actions taken on his part were in a good faith effort to maintain order and discipline at the HCADC.

XXIV.

The Complaint is barred, in whole or in part, because the Defendant acted reasonably in good faith, without malice or ill-will toward Plaintiff at all relevant time, based on all relevant facts and circumstances known to the Sheriff at the time he so acted.

XXV.

In the event Plaintiff is seeking punitive damages, Plaintiff is prohibited from recovering these specific damages under federal law against a municipality or this Defendant in his official capacity.

XXVI.

Defendant specifically denies each and every material allegation of the Complaint which has not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

XXVII.

To the extent Plaintiff may have suffered any injury or damage, the same was the sole result of his own failure to obey the lawful orders given to him by law enforcement officers

acting in their official capacities.   By verbally and physically resisting and refusing to comply with said officers' lawful orders, Plaintiff's own conduct was the sole proximate cause of any force which may have been used against him, and rendered any such force used entirely reasonable in light of the officers' need to ensure not only their own safety, but also to preserve order within the HCADC.   As such, Plaintiff has not suffered a violation of his constitutional rights.

XXVIII.

To the extent Deputies Frederick Corso and Joseph Tuten were acting outside the course and scope of their employment, this Defendant can have no liability herein.

XXIX.

Defendant would further show that all officers were properly and adequately trained and supervised.   Additionally, Defendant would show that any and all policies and procedures pertaining to hiring, training, and the operation of the staff of the Harrison County Adult Detention Center were adequate, proper, reasonable and conformed with any and all constitution standards and/or requirements.

XXX.

Plaintiff has failed to state a claim against this Defendant under 42 USC §§ 1983, 1985, and 1988, and the Fourth and Fourteenth Amendments to the Constitution.

XXXI.

Plaintiff's claims herein are barred, in whole or in part, by the doctrines of unclean hands, laches, release, estoppel, and/or waiver.

XXXII.

Plaintiff's claims herein are barred, in whole or in part, to the extent Plaintiff failed to mitigate his alleged damages.

XXXIII.

Plaintiff's claims herein may be barred, in whole or in part, by after-acquired evidence.

XXXIV.

Defendant hereby gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves his rihgt to amend his Answer to include such defenses.

XXXV.

Defendant, Melvin Brisolara, incorporates any and all defenses and affirmative defenses alleged by any other party to the extent that are not inconsistent with his denials to any allegations made in this Answer or any of Defendant's other affirmative defenses.

XXXVI.

Defendant asserts that this action is frivolous, unreasonable, and groundless. Accordingly, Defendant is entitled to attorney's fees and other costs associated with the defense of this action.

XXXVII.

Any action or omission by Defendant Melvin Brisolara, his agents, servants, or employees was not the sole proximate cause of, or in the alternative, the proximate contributing cause of, any injuries to Plaintiff, or any alleged injuries or damages to Plaintiff, so Melvin Brisolara is not liable to the Plaintiff.

XXXVIII.

Melvin Brisolara specifically pleads the limitations and statutory protections available to him as set forth in the Miss. Code Ann. §§ 11-1-60, 11-1-69, and 15-1-35.

XXXIX.

At all times, this Defendant acted in good faith reliance upon then existent law and is, therefore, entitled to immunity or a special good faith defense.

XL

Any acts or omissions by Defendant is not the sole and proximate cause of or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff, so this Defendant is not liable to the Plaintiff.

XLI.

The Defendant would show and aver that any damages incurred, the same being denied, were sole, directly, and proximately the result of the negligent and/or intentional acts or omissions of Plaintiff and/or persons other than the answering Defendant, and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve the answering Defendant herein of any liability whatsoever.  In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by and independent intervening and/or superseding cause such as to bar the Plaintiff's claims against the answering Defendant.

XLII.

Defendant pleads affirmatively those defenses set forth in Fed. R. Civ. P. 8(c) that may be applicable to the claims asserted, including but not limited to assumption of risk; contributory

negligence; estoppel; fraud; illegality; injury by fellow servant; laches; *res judicata*; statute of

frauds; statute of limitations; and waiver, as well as any other matter constituting an avoidance or

affirmative defense to the claims asserted herein.

The Defendant further reserves the right to amend or supplement this Answer, Defenses,

and Affirmative Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth his Answer, Defenses, and Affirmative

Defenses to the Complaint,  the Defendant respectfully requests that he be dismissed from this

civil action with his proper costs.

RESPECTFULLY SUBMITTED, this the 12th day of September, 2014.

**Melvin Brisolara, Defendant**

**BY:    DUKES, DUKES, KEATING & FANECA, P.A.**

BY:    *s/Haley N. Broom*
          HALEY N. BROOM


Cy Faneca,  MSB #5128
Haley Broom MSB #101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:   228/863-2886

## CERTIFICATE OF SERVICE

I, HALEY N. BROOM, do hereby certify that I have this day electronically filed the

foregoing with the Clerk of the Court using the ECF system which sent notification of such filing

to the following:

> Stephen B. Simpson, Esq.
> 9004 Victoria Circle
> Gulfport, MS 39503
> Steve@stevesimpson.ms
>
> Scott D. Smith, Esq.
> P.O. Box 4603
> Biloxi, MS 39535
> scottsmithatty@bellsouth.net

This, the 12th day of September, 2014.

> _s/Haley N. Broom_
> HALEY N. BROOM