IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DASHAWN L. SUMRALL**                                                                               **PLAINTIFF**

v.                                                                                        CAUSE NO. 1:14CV221-LG-JCG

**FREDERICK CORSO in his individual
and official capacities; JOSEPH TUTEN
in his individual and official capacities;
MELVIN BRISOLARA in his individual
and official capacities; HARRISON
COUNTY, MS; and JOHN DOES 1-5**                                                **DEFENDANTS**

### ORDER GRANTING MOTION TO DISMISS CLAIMS FILED AGAINST FREDERICK CORSO IN HIS OFFICIAL CAPACITY

**BEFORE THE COURT** is the Motion to Dismiss [25] filed by Joseph Tuten in his official capacity.  The plaintiff, Dashawn L. Sumrall, has not filed a response in opposition to the Motion, and the deadline for doing so has expired.  After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss Sumrall's claims filed against Joseph Tuten in his official capacity shall be dismissed with prejudice as redundant of Sumrall's claims against Harrison County, Mississippi.

### DISCUSSION

Sumrall, by and through counsel, filed this Section 1983 lawsuit against Frederick Corso, Joseph Tuten, Sheriff Melvin Brisolara, Harrison County, Mississippi, and John Does 1-5, claiming that he was subjected to excessive force while he was incarcerated at the Harrison County Adult Detention Center.  Tuten has filed the present Motion asking the Court to dismiss the claims Sumrall filed against him in his official capacity because those claims are redundant of Sumrall's claims against Harrison County, Mississippi.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)).  Thus, when a plaintiff asserts official-capacity claims against a government official under Section 1983, "the real party in interest is the [governmental] entity." *Id.* at 166.

Sumrall's claims filed against Tuten in his official capacity are, in essence, claims against Harrison County; therefore, the official capacity claims filed against Tuten are redundant of the claims Sumrall filed against Harrison County.  As a result, Sumrall's claims filed against Tuten in his official capacity should be dismissed with prejudice.  *See, e.g., Fife v. Vicksburg Healthcare*, LLC, 945 F. Supp. 2d 721, 731 (S.D. Miss. 2013); *Seibert v. Jackson Cty., Miss.*, No. 1:14cv188-KS-MTP, 2014 WL 4146487, *2 (S.D. Miss. Aug. 19, 2014).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [25] filed by Joseph Tuten in his official capacity is **GRANTED**.  Sumrall's claims against Tuten in his official capacity are hereby **DISMISSED WITH PREJUDICE**.  Sumrall's claims filed against Tuten in his individual capacity shall remain pending.

**SO ORDERED AND ADJUDGED** this the 2nd day of January, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE